Smith v. Pearce.

## SMITH v. PEARCE.

CHANCERY JURISDICTION. *To enjoin justice's judgment because of his incompetency. How incompetency waived.* A judgment by a justice incompetent to sit in the cause in which it is rendered, by reason of his relationship to one of the parties within the prohibited degree, is a nullity, unless his incompetency is waived by the parties in writing, the requirements of the Code in this respect being mandatory, and such judgment may be enjoined by a Court of Chancery.

Cases cited: Wroe v. Greer, 2 Swan, 172; Reams v. Kearns, 5 Cold, 217. Code cited: Sec. 4098.

### FROM CARTER.

From the Chancery Court at Elizabethton. H. C. SMITH, Chancellor.

W. W. LANGHORNE for complainant.

H. M. FOLSOM for defendant.

NICHOLSON, C. J., delivered che opinion of the court.

This bill was filed in the Chancery Court at Elizabethton to enjoin a judgment for $81, rendered by a justice of the peace of Carter county, upon the ground that the justice was related to one of the parties within the prohibited degree.

It is admitted that the justice was related to complainant as alleged, and that complainant waived the incompetency of the justice, but that the waiver was not in writing.

The Chancellor held the judgment to be void, and decreed that it be perpetually enjoined.

Defendants have appealed.

It was held by this court, under the act of 1835, ch. 68, sec. 1, that if the objection to the competency of the justice was not made before the trial, its waivor would be presumed: *Wroe* v. *Greer*, 2 Swan, 172.

But there was no provision in the act of 1835 as to the manner in which the objection of incompetency should be waived so as to authorize the justice to try the cause. Under the law, as it was amended by sec. 4098 of the Code, the justice is prohibited from sitting where he is incompetent from relationship unless his incompetency is waived in writing. By that section there must be the consent of the parties in writing, otherwise the justice is forbidden to sit. Sec. 4098 applies alike to judges, chancellors, and justices of the peace. In reference to judges and chancellors the consent or waivor must be entered of record. This section was construed as to a chancellor sitting in a cause in which he had been counsel, in the case of *Reams* v. *Kearns*, 5 Cold., 217.

Judge Milligan held that the judgment was a mere nullity. The language of the section is imperative: "No judge, chancellor, or justice of the peace shall sit in any cause," etc. The judgment in such case is clearly *coram non judice*, unless the parties give their consent in the manner prescribed.

It is not only the fact of consent that is required to authorize the judge, chancellor, or justice to sit, but the fact must appear in the manner specially prescribed.

The jurisdiction in the case is made to depend upon the consent of the parties, evidenced by the record, as to judges, etc., or in writing as to justices. We are of opinion that the section was properly construed in the case just referred to, and that that construction applies as well to justices as to judges or chancellors. The language of the statute is clearly mandatory, and not directory, and we are bound to hold the judgment absolutely void, and to affirm the Chancellor's decree with costs.